IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CONRAD STULL,

    Petitioner,                 No. CIV S-05-1762 DFL KJM P

    vs.

ROSEANNE CAMPBELL,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his Sacramento County conviction for possession of drugs and his "three strikes" sentence. Respondent has filed a motion to dismiss on the ground that the petition was filed outside the statute of limitations. Petitioner opposes the motion. Respondent has not filed a reply.

I. <u>Background</u>

        On June 2, 2002, petitioner was sentenced to a term of twenty-five-years-to-life following his conviction for possession of heroin and methamphetamine and the determination that he had suffered at least three prior strikes within the meaning of California Penal Code § 667(b)-(I). Lodged Document No. 1 (abstract of judgment).

/////

He appealed his conviction to the Court of Appeal for the Third Appellate District, which affirmed his conviction on August 6, 2002. Lodged Document No. 2. The California Supreme Court denied his subsequent petition for review on October 30, 2002. Lodged Document No. 4.

On January 27, 2004, petitioner signed a petition for a writ of habeas corpus, which was filed in the Court of Appeal for the Third Appellate District on February 3, 2004. It was denied on March 4, 2004. Lodged Document Nos. 5 & 6.

The California Supreme Court received his subsequent state habeas petition on July 30, 2004 and filed it on August 2; the court denied this petition on June15, 2005. Lodged Document Nos. 7 & 8.

Petitioner filed the instant petition on September 2, 2005.

II. <u>Analysis</u>

    A.  <u>The AEDPA Statute Of Limitations</u>

One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA) made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/////

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A conviction is final for purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari, which in this case was January 29, 2003. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999). The limitations period began to run on January 30, 2003 and expired on January 30, 2004. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). Based on the prison mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), a document is filed when it is given to prison authorities for mailing. Respondent agrees that, under this rule, petitioner filed the Court of Appeal petition on January 27, 2004 and thus within the statute of limitations. Motion to Dismiss (MTD) at 4. This petition stopped the limitations clock on day 362 of the AEDPA year. Accordingly, when the court denied this petition on March 4, 2004, petitioner had an additional three days in which to file a timely federal petition or proceed "up the ladder" in the state system.

In some instances, the "gap" between the denial of a petition on one level and the filing of a petition on the next level is deemed to be part of the time in which the petition was pending, so long as there was not undue delay between the denial of one petition and the filing of another. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). In Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 852 (2006), the Supreme Court directed the federal courts to determine whether a "gap" petition was delayed unreasonably, even when a state court did not deny the

petition as untimely. The court suggested that a gap longer than the thirty to sixty days permitted in states with written rules for filing might be reasonable, while six months would not be. Id. at 854.

In this case, it appears petitioner delayed nearly five months between the denial of the Court of Appeal petition and the reception by the Supreme Court of his petition there. However, the Supreme Court petition indicates it was signed on June 21, 2004. Lodged Document 7. Under the prison mailbox rule, a pleading is deemed filed when it is given to the prison authorities for mailing. Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001). One Court of Appeal has held that in the absence of contrary evidence, it would assume that the document was delivered for mailing on the date it was signed. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); but see Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005) (inmate can establish date he delivered pleading to authorities by showing when it was logged into the prison mail system or by submitting a declaration or notarized statement setting forth the date of delivery to officials). Even if the court were to give petitioner the benefit of the doubt and assume that the Supreme Court petition was filed on June 21, 2004 by operation of the mailbox rule, however, petitioner still would not be entitled to tolling for the gap. This is because the June filing date was 109 days after the Court of Appeal's denial, outside the presumptively reasonable gap of thirty to sixty days established by Evans v. Chavis. Accordingly, when the Supreme Court petition was filed, the statute of limitations had lapsed and that untimely petition did not revive it. Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003).

Petitioner makes two related arguments in his opposition, which is verified. First, he suggests that either he is entitled to equitable tolling for part of the period of time before his Court of Appeal petition was filed because he was put in segregation and separated from his legal property. Second, he argues that the "gap" between the two petitions was much shorter, because he attempted to file the petition in June, but it was returned "for adjustments necessary to proper

filing." Opposition (Opp'n) at 6. These arguments are addressed below.

### B. A Reasonable Gap

Petitioner argues that he is entitled to statutory tolling for the period of time between the denial of the Court of Appeal petition and the filing of the Supreme Court petition because the gap was not five months, but a more reasonable three months. He claims that he attempted to file the Supreme Court petition in June, but on June 8, 2004, the clerk of the Supreme Court merely stamped the petition "received" and returned it to him. Opp'n at 6. However, the exhibit he has provided in support of this contention undercuts it: the exhibit is a copy of the Court of Appeal's March 4 order stamped "received June 8, 2004 Clerk Supreme Court." If, indeed, this is what petitioner claims was his petition, it does not meet the requirements to make it "properly filed." Artuz v. Bennett, 531 U.S. 4, 7-8 (2000) ("a petition is properly filed so as to toll the statute of limitations when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). This court cannot deem the June 8th document to be a petition, much less one filed within a reasonable time, if it does not meet even basic filing requirements.

### C. Equitable Tolling

The Ninth Circuit has held:

> We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.

Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations, citations omitted). It is petitioner's burden to show he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005). To meet his burden, he must

demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The Ninth Circuit has recognized that equitable tolling may be justified when, through no fault of his own, a habeas petitioner was separated from his legal files and transcripts. Thus, in Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court recognized that if petitioner was able to bear his burden of showing that he was deprived of his legal material for a period of eighty-two days when he was away from the prison, he might be entitled to equitable tolling.

In Espinoza-Matthews, 432 F.3d at 1024, the Ninth Circuit considered whether a petitioner was entitled to equitable tolling for the entire time he was in administrative segregation and deprived of his legal property. In that case, the petitioner asked for access to his legal property, which was being stored while he was in segregation, but was told he could not have access until he was released. The court found petitioner entitled to tolling for the entire period he was deprived of his legal materials, even though he still had a month after the papers were returned to him before the statute of limitations expired. Id. at 1028. As the court observed, "it is 'unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." Id. at 1027 (quoting Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003)).

Petitioner has presented a series of documents showing that he was placed in administrative segregation in February 2003 and released sometime in early October 2003. Opp'n, Exs. B (CDC 114-D, Administrative Placement Notice) & C (Custody Classifications-Assignments). He has also presented a series of notes he wrote to correctional officers beginning in February 2003, asking for access to his legal property. Opp'n, Ex. D. The first, dated February 24, 2003, asks for legal and personal property; the reply from Correctional Officer Hill written on the bottom of the form, notes that "you will be issued your property in accordance with my schedule." Id., Ex. D-1. In other notes, petitioner acknowledged receipt of some property, but not the legal property he needed and emphasized the urgency of his request because

1  "I'm not sure what the court deadlines are exactly but there are deadlines." Id., Exs. D-2, D-6.
2  The last note is dated June 4, 2003 and asks to speak to the property officer "ASAP" because "I
3  need to meet a deadline." Id., Ex. D-9. Petitioner asserts that he did not receive the necessary
4  legal property until October 2, 2003, after his release from segregation. Opp'n at 4.
5  Accordingly, the court finds that petitioner was deprived of the legal materials necessary to the
6  preparation of his collateral attacks from February 13, 2003 until October 2, 2003 and is thus
7  entitled to equitable tolling for that time, a period of 232 days. This extends the statute of
8  limitations until September 18, 2004. The Supreme Court petition, filed June 21, thus was
9  timely filed.
10         Petitioner is entitled to tolling for the time the petition was pending in the
11 California Supreme Court. The statute of limitations began to run again on June 16, 2005, after
12 the Supreme Court's denial, with eighty-nine days left. See Cal. Rules of Court Rule 29.4
13 (denial of habeas petition final on day order issued). The federal habeas petition, whether filed
14 September 2, 2005, the date it was stamped "filed," or on August 31, 2005, the date on the
15 certificate of service, therefore was timely.
16 /////
17 /////
18 ////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26

1 	Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
2 dismiss be denied.
3 	These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED:  March 9, 2007.

_____
U.S. MAGISTRATE JUDGE